UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-2624 JGB (DTBx)** | Date | December 18, 2024 |
| Title | ***Ryan Strilaeff et al v. Thomas J. Jenkins, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     ==AMENDED== Minute Order (1) GRANTING-IN-PART Plaintiff's Ex Parte (Dkt. No. 6); (2) REMANDING Action for Lack of Jurisdiction; and (3) DIRECTING the Clerk to Close the Case (IN CHAMBERS)

### I. BACKGROUND

On December 11, 2024, Defendants Thomas A. Jenkins, Carole Jenkins, Thomas J. Jenkins, and TJJ Service Trust ("Defendants") filed a notice of removal of San Bernardino Superior Court Case No: LLTVA2401373 ("NOR," Dkt. No. 1), purportedly pursuant to 28 U.S.C. § 1443.

On December 13, 2024, Plaintiff Ryan Strilaeff filed an ex parte application requesting:

(1) That Case No: LLTVA2401373 be remanded back to the Superior Court of California, County of San Bernardino for lack of subject matter jurisdiction;
(2) That no further removal to the Central District of California of LLTVA2401373 be filed without leave of this Court, to avoid successive removals to federal court on the eve of each unlawful detainer trial that is set; and
(3) For an award of Sanctions against Defendants in an amount deemed appropriate by the Court.

("Ex Parte," Dkt. No. 6.)

On December 16, 2024, Defendants filed a First Amended Notice of Removal. (Dkt. No. 13.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. DISCUSSION

Defendants allege removal is proper under 28 U.S.C. § 1443. In order for removal to be proper, Defendant must show that Plaintiffs' "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

Plaintiffs' only claim is for unlawful detainer, arising under and governed by the laws of the State of California. (Ex Parte at 6); See Wells Fargo Bank v. Lapeen, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010).) Further, Plaintiffs' right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. See Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977) (discussing unlawful detainer actions). While Defendants claim that federal question jurisdiction exists pursuant to 28 U.S.C. § 1443 because the unlawful detainer action is allegedly premised on impermissible religious discrimination, (NOR at 2), "[a] federal defense . . . does not confer jurisdiction on the court to hear the case." H.O.D. Properties, LLC v. Sarkisyan, 2013 WL 4052469, at *3. Defendants' First Amended Notice of Removal is likewise premised on a federal defense that does not confer jurisdiction on this Court.

Accordingly, the Court **REMANDS** the action to the Superior Court of California, County of San Bernardino and **DIRECTS** the Clerk to close the case. **No further removal to the Central District of California of LLTVA2401373 may be filed without leave of this Court.**

**IT IS SO ORDERED.**

**CIVIL MINUTES—GENERAL** Initials of Deputy Clerk mg